**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:**
*14 CV 81194 MARRA/*
*MATTHEWMAN*

FILED by _____ D.C.

AUG 24 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

BEACHES MLS, INC., a Florida corporation,

Plaintiff,

v.

MIAMI ASSOCIATION OF REALTORS,
INC., a Florida corporation, JUPITER-
TEQUESTA-HOBE SOUND ASSOCIATION
OF REALTORS, INC.,  a Florida corporation,
TERESA KING KINNEY, WILLIAM "BILL"
COLE, GINA LLOYD, JESUS FERIA,
DANIELLE Y. CLERMONT, DEBORAH
BOZA-VALLEDOR, JOANNE WERSTLEIN,
ANGELA CALABRIA and JAMARR
LYNCH,

Defendants.

_____/

**COMPLAINT FOR VIOLATION OF THE COMPUTER**
**FRAUD AND ABUSE ACT, COPYRIGHT**
**INFRINGEMENT, CIRCUMVENTION AND**
**THEFT OF TRADE SECRETS**
(INJUNCTION DEMANDED)

Plaintiff, BEACHES MLS, INC., by and through undersigned counsel, files this

complaint against MIAMI ASSOCIATION OF REALTORS, INC., JUPITER-TEQUESTA-

HOBE SOUND ASSOCIATION OF REALTORS, INC., TERESA KING KINNEY, WILLIAM

"BILL" COLE, GINA LLOYD, JESUS FERIA, DANIELLE CLERMONT, JOANNE

WERSTLEIN, DEBORAH BOZA, ANGELA CALABRIA and JAMARR LYNCH, and in

support thereof states as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff filed this action to enjoin and restrain further unlawful and unauthorized access to Plaintiff's copyrighted compilation of Palm Beach County real estate listings and the underlying listing data for over 30,000 properties only available to members of the two associations that contribute listings to the shared database, and members of other associations that have contracted for lawful access.

2.      In the past month since the two Realtor® association defendants announced plans to merge, their executive and technical staff have surreptitiously created unauthorized administrative level user accounts and then employed their unauthorized credentials to gain privileged access to Plaintiff's proprietary MLS database without permission.  The user accounts created by and for Defendants allow these rogue users to access, download, export and misappropriate Plaintiff's entire database at will giving Defendants the free reign they seek to distribute Plaintiff's MLS listings and data without permission, consent or payment.

3.      Plaintiff seeks an immediate temporary restraining order and preliminary injunction to cut off all unauthorized access by Defendants to Plaintiff's multiple listing platform containing proprietary compilations of local real estate sales and critical marketing data while this case is pending, compensation for the damages caused by Defendants' unlawful actions, punitive damages as punishment for Defendants' willful and outrageous conduct, and a permanent injunction to restrain further violations in the future.

## JURISDICTION AND VENUE

4.      The claims set forth herein arise under the laws of the United States, specifically 18 U.S.C. § 1030 and 17 U.S.C. §§ 501 and 1201, as well as under the laws of the State of Florida.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

6.      Venue is proper pursuant 28 U.S.C. §§ 1391 and 1400(a).

## PARTIES

7.      Plaintiff BEACHES MLS, INC. ("BEACHES") is a Florida profit corporation with its principal place of business in Palm Beach County, Florida.

8.      Defendant, MIAMI ASSOCIATION OF REALTORS, INC. ("MIAMI") is a Florida not for profit corporation having a principal place of business in Miami-Dade County. MIAMI also maintains an office in Broward County, Florida.

9.      Defendant   JUPITER-TEQUESTA-HOBE   SOUND   ASSOCIATION   OF REALTORS, INC. ("JUPITER") is a Florida not for profit corporation having a principal place of business in Jupiter, Florida in Palm Beach County.

10.     Defendant TERESA KING KINNEY ("Kinney") is an individual employed by MIAMI. Kinney is the Association Executive of MIAMI.

11.     Defendant WILLIAM "BILL" COLE ("Cole") is an individual employed by MIAMI.

12.     Defendant GINA LLOYD ("Lloyd") is an individual employed by MIAMI.

13.     Defendant JESUS FERIA ("Feria") is an individual employed by MIAMI.

14.     Defendant DANIELLE CLERMONT ("Clermont") is an individual employed by MIAMI.

15.     Defendant DEBORAH BOZA ("Boza") is an individual employed by MIAMI.

16.     Defendant JOANNE WERSTLEIN ("Werstlein") is an individual employed by JUPITER and its interim director.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

17.     Defendant ANGELA CALABRIA ("Calabria") is an individual employed by JUPITER.

18.     Defendant JAMARR LYNCH ("Lynch") is an individual employed by JUPITER.

19.     Defendants are all subject to personal jurisdiction in the State of Florida.

## BEACHES MULTIPLE LISTING SERVICE

20.     A multiple listing service ("MLS") is a common computerized database where real estate agent and broker members submit real estate listings.  MLS databases facilitate the exchange of information among members about one another's listings so agents can cross company lines to sell one another's houses and can show clients all houses on the market listed by its members, not just those homes listed with their own company.  Membership in an MLS is considered a private offer of cooperation and compensation by listing brokers to other real estate brokers and their agents who are members of the MLS.

21.     There are several multiple listing services in Palm Beach County.  The largest is BEACHES.  BEACHES currently has over 15,000 subscribers. BEACHES is a wholly owned subsidiary of REALTOR ASSOCIATION OF THE PALM BEACHES, INC. ("PALM BEACH"), a Florida not for profit corporation. PALM BEACH is a professional organization for real estate professionals. The core purpose of PALM BEACH is to enhance its members' ability and opportunity to conduct their real estate businesses professionally, ethically, successfully and profitably. PALM BEACH's strategic vision is to be the voice for real estate in Palm Beach County, and have its members recognized for the effective delivery of professional, ethical real estate services. PALM BEACH provides brokers and their agents with professional development, dispute resolution services and commercial products and services to their members

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

who wish market and sell real estate. PALM BEACH also represents its members' commercial interests in Florida and nationwide.

22.     Real estate licensees, including brokers and their agents, have a choice of which local REALTOR® association to join. Despite this, PALM BEACH has successfully attracted members not only in Florida, but also in several other states. PALM BEACH has members that have multiple state licenses whereby they conduct business throughout the United States.

23.     PALM BEACH is funded by the dues paid by its members and to a larger extent the multiple listing services and other products and services its subsidiary BEACHES provides its members for a fee.  BEACHES provides a host of critical services to members for a fee like access to the BEACHES MLS database containing proprietary compilations of local real estate sales and critical marketing data.

24.     The MLS database is owned and operated by BEACHES.

25.     The BEACHES MLS database is compilation protected by copyright.

26.     The BEACHES MLS database is extremely valuable and proprietary.

27.     The listings contained in the BEACHES database, and the compilation of those listings, are the property of BEACHES.

28.     Millions of dollars was spent to develop the BEACHES database in order to serve PALM BEACH members and make real estate transactions among its members possible.

## MIAMI AND JUPITER ASSOCIATIONS

29.     In terms of number of members, MIAMI touts that it is the largest local REALTOR® association in the USA with more than 38,000 REALTOR® members.

30.     JUPITER is significantly smaller than both PALM BEACH and MIAMI. JUPITER has only about 1,500 members.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

31.     PALM BEACH, through BEACHES, competes for members with other MLSes including MIAMI and JUPITER.  Competition is based upon the product and service offerings PALM BEACH and BEACHES provide to potential members versus those offered by MIAMI and JUPITER.

## REGIONAL MLS

32.     For many years, PALM BEACH and JUPITER cooperated in the operation of an MLS known as REGIONAL MULTIPLE LISTING SERVICE, INC. ("REGIONAL MLS"). PALM BEACH, JUPITER, and a third Realtor® association, Realtors Association of St. Lucie, Inc. ("ST. LUCIE"), were shareholders in REGIONAL MLS and by agreement the members of all three associations were entitled to access to the listings contained in the REGIONAL MLS database.

33.     The REGIONAL MLS database was owned and operated by REGIONAL MLS.

34.     The REGIONAL MLS database was compilation protected by copyright.

35.     The REGIONAL MLS database was extremely valuable and proprietary.

36.     The listings contained in the REGIONAL MLS database, and the compilation of those listings, were the property of REGIONAL MLS.

37.     The REGIONAL MLS database compilation was registered with the Register of Copyrights.

## JUPITER SUES REGIONAL MLS, PALM BEACH, AND ST. LUCIE

38.     In or about 2012, the good relations between JUPITER and its other REGIONAL MLS shareholders, PALM BEACH and ST. LUCIE, broke down.  On April 26, 2013, JUPITER filed suit in the 15th Judicial Circuit Court, Palm Beach County, against REGIONAL MLS, PALM BEACH, and ST. LUCIE.   The Complaint alleged several counts including false

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

advertising, violations of the Florida Deceptive and Unfair Trade Practices Act, and Tortious Interference with Business Relationships.

39.     After limited litigation, a mediation was held among the parties at which Jay Hunston, Esq. served as mediator.  The mediation resulted in a document entitled "Mediation Settlement Agreement" ("MSA") that was signed by all parties.  Subsequently, the case was dismissed.

40.     The MSA contains a confidentiality provision prohibiting all parties and their attorneys from publishing or disseminating any information about the MSA or its terms and therefore it will be filed under seal or with any confidential information redacted.  A redacted MSA is attached as Exhibit 1.

41.     Pursuant to the MSA, on June 26, 2013, REGIONAL MLS was voluntarily dissolved by consent of its shareholders, PALM BEACH, JUPITER, and ST. LUCIE.

42.     Pursuant to the MSA, as of the date of dissolution of REGIONAL MLS, PALM BEACH became the owner all REGIONAL MLS assets.

## BEACHES OWNERSHIP OF THE REGIONAL MLS COMPILATION BY ASSIGNMENT

43.     The copyrighted REGIONAL MLS database compilation of MLS listings, and the underlying copyright registrations for the REGIONAL MLS database, were the most important and valuable assets of REGIONAL MLS at the time of its dissolution pursuant to the MSA.

44.     The MSA provides that PALM BEACH shall receive all assets of REGIONAL MLS as of the date of its dissolution.

45.     Pursuant to the MSA, as of the date of dissolution of REGIONAL MLS, PALM BEACH became the owner of all REGIONAL MLS assets.

46.     After the dissolution of REGIONAL MLS when PALM BEACH became the

7

owner of the REGIONAL MLS database, and prior to the filing of this action, PALM BEACH assigned ownership of the REGIONAL MLS database compilation, and all copyrights in the database, to BEACHES.

## FBS FLEX MLS PLATFORM

47.     On November 1, 2012, REGIONAL MLS entered into an MLS Software License and Data Processing Service Agreement ("Flex Agreement") with Financial Business Systems, Inc. ("FBS") to license the Flex MLS System software platform ("Flex") for use in accessing the REGIONAL MLS computerized database of real estate listings.

48.     FBS is based in Fargo, North Dakota.  Flex runs on computers that are accessible through the internet and used in interstate commerce to operate the Flex MLS System for BEACHES.

49.     The Flex system stores the listings for PALM BEACH, JUPITER and ST. LUCIE in the same MLS database, regardless of whether the listing was created by a member of PALM BEACH, JUPITER, or ST. LUCIE.   Ninety-four percent (94%) of the listings in the MLS database were submitted by members of PALM BEACH.

## ASSIGNMENT OF FLEX LICENSING AGREEMENT

50.     The MSA provides for PALM BEACH, JUPITER and ST. LUCIE to each enter into separate agreements with FBS for use of Flex.  The MSA also provides for PALM BEACH, JUPITER and ST. LUCIE to continue to share listing data through the expiration of the Flex Agreement in July of 2017.

51.     After the MSA was executed, on July 23, 2013, PALM BEACH, ST. LUCIE, JUPITER and FBS all entered into an Assignment of the Flex Agreement ("Flex Assignment") under which each of the associations became a direct and independent customer of FBS under

the terms of a separate agreement between each association and FBS. The Flex Assignment is attached as Exhibit 2.

52.     Notwithstanding the fact that PALM BEACH, ST. LUCIE and JUPITER each became a separate Flex customer of FBS, Flex continued to operate as a single system with all the listing for PALM BEACH, ST. LUCIE and JUPITER contained in a single database.  As a result, the Flex Assignment incorporates provisions specifically addressing the parties' shared access to the Flex system:

> 5. <u>Administrative Access</u>. Each Customer shall have full access to the administrative controls of the system needed to service their respective members. Each Customer understands that the System is shared among them and that most administrative changes impact all. Each Customer agrees that FBS is not liable in any way for any changes to the System by any Customer.

> 6. <u>Data Ownership</u>. With regard to any Customer, the term "Customer Information" as it is used in the Agreement refers to office, agent, listing and other records associated with offices that are that Customer's Participants. Pursuant to the terms of the Settlement, each Customer and its Participants are entitled to use Customer Information of all the Customers, and the Customers agree to share information with each other through the term of the Agreement. Each Customer agrees that allowing each Customer access to the entire set of Customer Information as required by the Settlement does not violate Section 9(a) of the Agreement.

53.     After the MSA was entered into and REGIONAL MLS was dissolved, PALM BEACH formed BEACHES for the purpose of operating PALM BEACH's MLS.

54.     BEACHES has complied with the requirements of the Flex Assignment and permitted employees of JUPITER "full access to the administrative controls of the system needed to service their respective members."

## PALM BEACH TO MIAMI DATA SHARE

55.     MLSes often share MLS data with other MLSes by providing each other with a data feed of listings to each other's MLS database.

9

56.     Data feeds provide real estate listings that are valid as of the date and time the listings were sent through the data feed.  Listings provided through a data feed cannot be changed or modified by the recipient MLS.

57.     Sometime in the past, PALM BEACH set up a data feed of listings in the REGIONAL MLS database for MIAMI and its members.

58.     Neither PALM BEACH nor REGIONAL MLS entered into any agreement with MIAMI to provide a data feed, and the data feed provided to MIAMI was gratuitous and without any consideration from MIAMI.

59.     MIAMI's software vendor CoreLogic, Inc., on behalf of MIAMI, received the data feed provided by REGIONAL MLS.

60.     After BEACHES took over the REGIONAL MLS database the data feed to MIAMI continued.

61.     Neither BEACHES nor PALM BEACH are under any obligation to continue to provide a data feed to MIAMI.

62.     Recently, PALM BEACH announced that BEACHES would stop providing a data feed to MIAMI and notified CoreLogic that the data feed would be stopped.

## PROPOSED MERGER BETWEEN JUPITER AND MIAMI

63.     On July 30, 2015, JUPITER and MIAMI announced publicly that they intended to merge. The merger announcement is attached as Exhibit 3. The Plan of Merger is attached as Exhibit 4.

64.     On August 14, 2015, JUPITER held a vote of its members who approved the merger.

65.     The effective date of the merger between MIAMI and JUPITER is currently

September 4, 2015.

66.     In its public disclosures about the merger, JUPITER and MIAMI have announced that one purpose of the merger is to give MIAMI members access to the BEACHES MLS database through Flex.

## MIAMI IS NOT AUTHORIZED TO USE FLEX OR ACCESS THE BEACHES MLS DATABASE

67.     JUPITER is not authorized to grant access to Flex or the BEACHES MLS database to anyone except licensed, dues paying members of JUPITER and authorized JUPITER administrative staff.

68.     JUPITER is not authorized to grant access to Flex or the BEACHES MLS database to MIAMI and its members.

69.     MIAMI and its members have never been authorized to access Flex or the BEACHES MLS database.

70.     The merger of JUPITER and MIAMI will not result in MIAMI being authorized to access the BEACHES MLS database through Flex.  While a statutory merger of two corporations usually results in the merged entity being vested with all the property of the two entities that have merged together, this does not apply to licenses for copyrights.  As a result, if the merger of JUPITER and MIAMI is effectuated, then following the merger the merged entity will have no rights to access the BEACHES MLS database through Flex.

## TECHNOLOGICAL MEASURES PROTECTING FLEX AND BEACHES MLS

71.     Plaintiff protects the BEACHES MLS database by employing unique usernames and secret passwords assigned only to authorized users.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

72.     Plaintiff protects the BEACHES MLS database by limiting access to sensitive and proprietary functions to users known to have the necessary authority and need to have such access.

73.     Without the correct username and password, users who attempt to obtain administrative level access will be automatically denied such access.

74.     The technological measures employed by Plaintiff include devices, methods, techniques or processes that derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

75.     The technological measures described above have been the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain their secrecy.

## RULES AND REGULATIONS FOR BEACHES MLS

76.     Access to the BEACHES MLS database through Flex is only permitted in accordance with applicable Rules and Regulations ("RULES").  The RULES are attached as Exhibit 5.

77.     The RULES prohibit unauthorized users from accessing Flex and the BEACHES MLS database.

78.     The RULES prohibit authorized users from exceeding their authorized access to Flex and the BEACHES MLS database.

79.     The RULES prohibit authorized users from providing unauthorized users with access to Flex and the BEACHES MLS database.

80.     The RULES prohibit unauthorized users from using information developed, published, or copyrighted by BEACHES MLS.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

81.     The RULES prohibit unauthorized users from transmitting or reproducing any BEACHES MLS compilation or portion thereof.

## UNAUTHORIZED ACCESS BY MIAMI AND JUPITER

82.     BEACHES regularly monitors its MLS database for unauthorized access.

83.     MIAMI and its employees do not now, and have never in the past, had any rights to access Flex and the BEACHES MLS database as system administrators.

84.     MIAMI and its employees do not now, and have never in the past, had any rights to access the BEACHES Flex MLS software platform under license to BEACHES.

85.     JUPITER and its employees do not now, and have never in the past, had any rights to grant anyone access to the BEACHES MLS database other than JUPITER's current licensed members and administrative staff of JUPITER.

86.     JUPITER and its employees do not now, and have never in the past, had any rights to grant anyone access to the BEACHES Flex MLS software platform under license to BEACHES other than JUPITER's current licensed members and administrative staff of JUPITER.

87.     On or about July 29, 2015, JUPITER staff member Lynch acting under the direction of Werstlein, without authorization and by using improper means, gave administrative level access to the BEACHES MLS through Flex to Cole by creating an unauthorized Flex user account tied to Cole's name, telephone number and email address.

88.     On or about August 18, 2015, JUPITER staff member Calabria acting under the direction of Werstlein, without authorization and by using improper means, gave administrative level access to the BEACHES MLS through Flex to MIAMI employees Kinney, Lloyd, Feria, Clermont, and Boza by creating unauthorized Flex user accounts for them with their names,

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

telephone numbers and email addresses.

89.     JUPITER has granted access to Flex and the BEACHES MLS database to unauthorized individuals who are not dues paying members or staff members of JUPITER.

90.     A substantial likelihood exists that JUPITER employees will use their Flex user accounts to grant unauthorized access to the BEACHES MLS database to additional MIAMI employees, MIAMI members, and non-dues paying members of JUPITER.

91.     A substantial likelihood exists that MIAMI employees will use their unauthorized Flex user accounts to grant unauthorized access to the BEACHES MLS database to additional MIAMI employees as well as MIAMI members who are not authorized.

92.     The administrative level access granted by JUPITER employees to MIAMI employees comes with it the power to change, modify, delete, alter, and damage the BEACHES MLS database and the Flex system.

93.     The MIAMI employees granted administrative level access can perform functions using the Flex system that may result in the interruption of services provided by BEACHES to its customers and PALM BEACH members.

94.     The MIAMI employees can use the unauthorized administrative level access granted to them to change Flex system settings, database records, data feeds, and other Flex functions and features.

95.     The MIAMI employees can use the unauthorized administrative level access granted to them to access trade secrets and confidential information of BEACHES and PALM BEACH.

96.     At no time did the Defendants ever request or receive authorization, permission or authority to engage in the acts alleged herein.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

97.     Plaintiff has engaged the undersigned counsel and agreed to pay them a reasonable fee for their services.

## COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT AGAINST JUPITER, LYNCH AND CALABRIA

98.     Plaintiff repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

99.     This is an action for damages against Defendants JUPITER, Werstlein, Lynch and Calabria for violations of 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4) and 1030(a)(6)(A).

100.    The computers running Flex through which the BEACHES MLS database is accessed are "protected computers" as that term is defined in 18 U.S.C. § 1030(e)(2)(B) in that said computers are used in or affecting interstate or foreign commerce or communication.

101.    Defendants Calabria and Lynch at the direction of Werstlein, on behalf of JUPITER, intentionally accessed said protected computers running Flex and exceeded their authorized access to create unauthorized administrative level user accounts and passwords for MIAMI employees Cole, Kinney, Lloyd, Feria, Clermont, and Boza who thereby obtained information from said protected computers.

102.    Defendants Calabria and Lynch at the direction of Werstlein, on behalf of JUPITER, knowingly and with intent to defraud, exceeded authorized access to said protected computers, and by means of such conduct furthered the intended fraud to create unauthorized administrative level user accounts and passwords for Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, to access said protected computers, and the value of said access exceeds $5,000 in any 1-year period.

103.    Defendants Calabria and Lynch at the direction of Werstlein, on behalf of JUPITER, knowingly and with intent to defraud trafficked in administrative level user accounts and passwords they created without authorization and conveyed or transmitted said user accounts

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

and passwords to Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, in order so they could access said protected computers without authorization.

104.    At no time did Plaintiff ever authorize JUPITER, Werstlein, Calabria or Lynch to engage in the activity described herein.

105.    Plaintiff has suffered damage and loss as a result of Defendants' willful actions described herein.

106.    The harm caused to Plaintiff has been irreparable.

## COUNT II – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT AGAINST MIAMI, COLE, KINNEY, LLOYD, FERIA, CLERMONT, AND BOZA

107.    Plaintiff repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

108.    This is an action for damages against Defendants for violations of 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4) and 1030(a)(6)(A).

109.    The computers running Flex through which the BEACHES MLS database is accessed are "protected computers" as that term is defined in 18 U.S.C. § 1030(e)(2)(B) in that said computers are used in or affecting interstate or foreign commerce or communication.

110.    Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, caused Calabria and Lynch, on behalf of JUPITER, to intentionally access the protected computers running Flex and exceed authorized access to create unauthorized administrative level user accounts and passwords so that Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, could obtain information in the BEACHES MLS database from said protected computers.

111.    Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, knowingly and with intent to defraud, accessed said protected computers without authorization, and by means of such conduct furthered the intended fraud by using the

unauthorized administrative level user accounts and passwords to access said protected computers, and the value of said access exceeds $5,000 in any 1-year period.

112.    Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, knowingly and with intent to defraud trafficked in administrative level user accounts and passwords that they solicited and obtained from Calabria and Lynch, on behalf of JUPITER, who conveyed or transmitted said user accounts and passwords to Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, in order so they could access said protected computers without authorization.

113.    Plaintiff has suffered damage and loss as a result of Defendants' willful actions described herein.

114.    The harm caused to Plaintiff has been irreparable.

## COUNT III – COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

115.    Plaintiff repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

116.    This is an action for injunctive relief and damages against all Defendants for Copyright Infringement in violation of 17 U.S.C. § 501.

117.    The BEACHES MLS database is a database compilation of real estate listings protected by copyright.

118.    BEACHES owns a valid copyright in the BEACHES MLS database.

119.    BEACHES has registered its copyrights in the BEACHES MLS database.

120.    Defendants have accessed the BEACHES MLS database without authorization.

121.    In the process of accessing the BEACHES MLS database without authorization, the defendants have copied, displayed, and/or distributed the copyrighted BEACHES MLS database or created derivative works thereof without Plaintiff's permission.

17

122.   Defendants' actions have been willful.

123.   Plaintiff has been damaged by Defendants' willful actions described herein.

124.   The harm caused to Plaintiff has been irreparable.

## COUNT IV – CIRCUMVENTION IN VIOLATION OF 17 U.S.C. § 1201 AGAINST ALL DEFENDANTS

125.   Plaintiff repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

126.   This is an action for injunctive relief and damages against all Defendants for Circumvention under the Digital Millennium Copyright Act in violation of 17 U.S.C. § 1201.

127.   Defendants Calabria and Lynch, on behalf of JUPITER, created unauthorized administrative level user accounts and passwords for Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, and thereby circumvented a technological measure that effectively controls access to the BEACHES MLS database which is protected under Title 17 of the U.S. Code.

128.   Defendants Cole, Kinney, Lloyd, Feria, Clermont, and Boza, on behalf of MIAMI, accessed the BEACHES MLS database using unauthorized administrative level user accounts and passwords and thereby circumvented a technological measure that effectively controls access to the BEACHES MLS database which is protected under Title 17 of the U.S. Code.

129.   Plaintiff has been damaged by Defendants' willful actions described herein.

130.   The harm caused to Plaintiff has been irreparable.

## COUNT V – VIOLATIONS OF THE FLORIDA UNIFORM TRADE SECRETS ACT AGAINST ALL DEFENDANTS

131.   Plaintiff repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

132.   This is an action for injunctive relief and damages against all Defendants for

violations of the Florida Uniform Trade Secrets Act, Chapter 688, Florida Statutes.

133.    Administrative level user accounts used to access the BEACHES MLS database through Flex to perform administrative functions not publically available or accessible to anyone except a select group of staff members employed by BEACHES, PALM BEACH, ST. LUCIE, and JUPITER, are trade secrets of BEACHES that consist of and provide access to confidential information.

134.    Defendants obtained the administrative level user accounts conveyed and transferred to Defendants MIAMI, Cole, Kinney, Lloyd, Feria, Clermont, and Boza, by improper means.

135.    Defendants knew or had reason to know that the administrative level user accounts were acquired by improper means.

136.    Defendants used the administrative level user accounts to access the BEACHES MLS database without Plaintiff's consent.

137.    Defendants used the confidential information obtained by improper means at a time when they knew or had reason to know that JUPITER had utilized improper means to acquire it, acquired it under circumstances giving rise to a duty to maintain its secrecy or limit its use, obtained from individuals who owed a duty to Plaintiff to maintain their secrecy or limit their use, or derived through espionage.

138.    Alternatively, Defendants knew or had reason to know that the confidential information of Plaintiff obtained by improper means was a trade secret of Plaintiff and that Defendants' knowledge of this confidential information had been acquired by accident or mistake, but thereafter Defendants disclosed or used the information anyway.

139.    Defendants' actions were willful and with reckless disregard for Plaintiff's rights.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

140.   Plaintiff has been damaged by Defendants' willful actions described herein.

141.   The harm caused to Plaintiff has been irreparable.

## COUNT VI – BREACH OF MLS RULES

142.   Plaintiff repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

143.   This is an action for damages against Defendants for violation of the MLS RULES.

144.   All users of Flex and the BEACHES MLS database are subject to the MLS RULES.

145.   All users of Flex use the service and the BEACHES MLS database subject to the MLS RULES.

146.   The MLS RULES prohibit unauthorized users from accessing Flex and the BEACHES MLS database.

147.   The MLS RULES prohibit authorized users from exceeding their authorized access to Flex and the BEACHES MLS database.

148.   The MLS RULES prohibit authorized users from providing unauthorized users with access to Flex and the BEACHES MLS database.

149.   Defendants breached the MLS RULES by accessing Flex and the BEACHES MLS database without authorization, exceeding authorized access to Flex and the BEACHES MLS database, providing unauthorized users with access to Flex and the BEACHES MLS database, and engaging in other acts set forth herein in violation of the MLS RULES.

150.   Defendants breached the MLS RULES by using BEACHES MLS compilations, reproducing BEACHES MLS compilations, and using BEACHES MLS information without authorization.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

151.    As a direct and proximate cause of Defendants' breach of the MLS RULES, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests the following relief to be entered against Defendants:

a.    Defendants and their officers, agents, servants, employees, franchisees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from further commission of the acts alleged herein in violation of 17 U.S.C. §§ 502, 1203 and 18 U.S.C. § 1030;

b.    Defendants be required to pay Plaintiff its actual damages or statutory damages as provided in 17 U.S.C. §§ 504, 1203, and actual loss and damages as provided in 18 U.S.C. § 1030(g);

c.    Defendants be required to pay Plaintiff its actual damages for theft of trade secrets and breach of the RULES;

d.    Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

e.    Plaintiff be awarded punitive and exemplary damages against Defendants for their willful actions, including Defendants' malicious misappropriation of Plaintiff's trade secrets in violation of the Florida UTSA; and

f.    Plaintiff be awarded such other and further relief as the Court deems just and proper.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33431

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated:  August 23, 2015

Respectfully submitted,

_/s/ Joel B. Rothman_
JOEL B. ROTHMAN
Florida Bar Number 98220
Joel.rothman@sriplaw.com
JEROLD I. SCHNEIDER
Florida Bar Number 26975
Jerold.schneider@sriplaw.com
DIANA F. MEDEROS
Florida Bar Number 99881
Diana.mederos@sriplaw.com
SCHNEIDER ROTHMAN INTELLECTUAL
PROPERTY LAW GROUP, PLLC
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Beaches MLS, Inc.*

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA  33431