UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81194-CIV-MARRA

BEACHES MLS, INC., a Florida corporation,

Plaintiff,

vs.

MIAMI ASSOCIATION OF REALTORS,
INC., et al.,

Defendants.
_____/

## ORDER

This cause is before the Court upon Plaintiff's Motion to File under Seal (DE 1) and Plaintiff's Ex Parte Emergency Application for Entry for Temporary Restraining Order, Preliminary Injunction (DE 5). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

Plaintiff is a corporation which owns and operates the BEACHES multiple listing service ("MLS") database ("the database") containing proprietary compilations of real estate listings. The database is accessed using software that is accessible through the internet. Defendants are comprised of two realtor organizations and individual realtors with those Defendant organizations. Defendants are in the process of merging. The merging organizations are Jupiter-Tequesta-Hobe Sound Association of Realtors, Inc. ("Jupiter") and Miami Association of Realtors, Inc. ("Miami"). Jupiter is allowed access to Plaintiff's database, whereas Miami is not allowed access. Several individual Defendants, who are employed by Jupiter, have created unauthorized user accounts and passwords to allow Miami to access Plaintiff's database and

potentially obtain "administrative" level access[1] to the database. Plaintiff moves for a temporary restraining order to prevent Defendants from, among other things, accessing the database, changing access to the database, downloading the database or deleting the database. The Complaint, filed along with the motion, alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a) (count one and two), the Copyright Act, 17 U.S.C. § 501 (count three), the Digital Millennium Copyright Act, 17 U.S.C. § 1201 (count four), the Florida Uniform Trade Secrets Act, Chapter 688, Florida Statutes (count five) and Breach of the MLS Rules (count six).

A temporary restraining order is a drastic remedy used primarily for maintaining the status quo of the parties. See Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir.1983). A party seeking a temporary restraining order must show the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the injury to the plaintiff outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not harm the public interest. See Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir.1999). "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." Levine v. Comcoa Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995).

After careful review, the Court finds the issuance of a temporary restraining order limited

---

[1] This type of access provides the ability not just to access the database, but to change, modify, delete or alter it.

in scope is appropriate. Plaintiff has produced evidence making a <u>prima facie</u> showing that there is a substantial likelihood that it will succeed on the merits by showing that the actions of Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(c), (a)(4), (a)(6)(A)[2] and are entitled to injunctive relief under 18 U.S.C. § 1030(g).

With respect to irreparable harm, Plaintiff have made a <u>prima facie</u> showing that Defendants have gained unauthorized access to the database and Plaintiff has lost some control over its data. Given the speed at which data can be transferred electronically, Plaintiff will suffer irreparable harm should Defendants limit Plaintiff's access to its data or change or delete the data. This irreparable harm outweighs any harm to Defendants because Defendants do not have

---

[2] Section 1030(a) creates, in pertinent part, liability for anyone who:

(2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains–

    (C) information from any protected computer;

. . .

(4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;

. . .

(6) knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if--

    (A) such trafficking affects interstate or foreign commerce

18 U.S.C. § 1030(A).

the right to create administrative level user accounts and passwords. Finally, the public interest will be served by preventing Defendants from altering the database.

That stated, the relief sought by Plaintiff on an ex parte basis goes too far. Prior to a hearing where Defendants may be heard, the Court will not enjoin Defendants from accessing the database. Instead, the Court will grant relief that will ensure that Plaintiff's data is not destroyed and that Plaintiff is capable of accessing the database.

Therefore, it is hereby **ORDERED AND ADJUDGED** that Defendants, Miami, Jupiter, Teresa King Kinney, William "Bill" Cole, Gina Lloyd, Jesus Feria, Danielle Clermont, Joanne Werstlein, Deborah Boza-Valledor, Angela Calabria and Jamarr Lynch, their officers, agents, servants, employees and attorneys, and all persons in active concert and participation with any one or more of them, who receive actual notice by personal service or otherwise, are

1) **TEMPORARILY RESTRAINED AND ENJOINED FROM FURTHER ORDER OF THE COURT**, from:

    a) Changing any user name or password for access to the BEACHES MLS database;
    b) Deleting any user name or password for access to the BEACHES MLS database;
    c) Changing any existing level of access to the BEACHES MLS database;
    d) Deleting any existing level of access to the BEACHES MLS database;
    e) Changing any information previously downloaded form BEACHES MLS database;
    f) Deleting any information previously downloaded form BEACHES MLS database;
    g) Changing any data feed (RETS, IDX or other data feed or information) from the BEACHES MLS database;
    h) Deleting any data feed (RETS, IDX or other data feed or information) from the BEACHES MLS database.

2) A hearing on the Motion for Preliminary Injunction for all the relief sought by Plaintiff in its motion shall be held **FRIDAY, SEPTEMBER 3, 2015 AT 1:30**

    **P.M.** before United States District Judge Kenneth A. Marra, 701 Clematis Street, Courtroom 4, West Palm Beach, Florida.

3)  Plaintiff shall post a bond in the amount of $1,000.00.[3]

4)  Plaintiff's Motion to File under Seal (DE 1) is **GRANTED**. The case is **SEALED** until Defendants are served.

5)  Plaintiff's Ex Parte Emergency Application for Entry for Temporary Restraining Order, Preliminary Injunction (DE 5) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** to Plaintiff obtaining the additional requested relief after a hearing and Defendants having an opportunity to be heard.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of August, 2015.

                  _____
                  KENNETH A. MARRA
                  United States District Judge

---

[3] Only a minimum bond is required, given the limited nature of the injunction being issued and the fact that there is little likelihood that Defendants will suffer significant damage merely by being enjoined from altering or deleting the data.