UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 15-81194-CV-MARRA/MATTHEWMAN

BEACHES MLS, INC., a Florida corporation,

    Plaintiff,

vs.

MIAMI ASSOCIATION OF REALTORS, INC.,
a Florida corporation, JUPITER-TEQUESTA-HOBE
SOUND ASSOCIATION OF REALTORS, INC.,
a Florida corporation, TERESA KING KINNEY,
WILLIAM "BILL" COLE, JOANNE WERSTLEIN,
ANGELA CALABRIA and JAMARR LYNCH,

    Defendants.
_____/

## DEFENDANTS' JUPITER TEQUESTA HOBE SOUND ASSOCIATION OF REALTORS INC., JOANNE WERSTLEIN, ANGELA CALABRIA AND JAMARR LYNCH'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendants, JUPITER TEQUESTA HOBE SOUND ASSOCIATION OF REALTORS INC. and Jupiter Employees Joanne Werstlein, Angela Calabria and Jamarr Lynch, (collectively "JUPITER Defendants")[1] file this Motion to Dismiss the Complaint filed by Beaches MLS, Inc. ("Beaches") against them pursuant to Rules 12(b)(6), 12(b)(7) and 12(b)(19) of the Federal Rules of Civil Procedure. The grounds for this motion

---

[1] Since filing the Complaint, Beaches dismissed four individual defendants from this case (DE 25).

1

are set forth below and the incorporated Memorandum of Law outlines the legal deficiencies in Plaintiff's Complaint.

## INTRODUCTION

This Complaint does not seek a vindication of its property rights, but rather seeks to inhibit a merger between Miami and Jupiter-Tequesta-Hobe Sound Association of Realtors, Inc. ("Jupiter"). Plaintiff, Beaches opposes the pending merger of Miami with Jupiter. Beaches and its parent company, Realtors Association of the Palm Beaches, Inc. ("RAPB") object to Miami's presence in Palm Beach County.

## STANDARD FOR MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, ..., to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "Detailed factual allegations" are not required, but allegations must be more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of

action[.]" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). The Jupiter Defendants were sued in Counts I, III, IV, V and VI and accordingly do not address Count II, where Beaches sued Miami and Miami employees only. The Jupiter Defendants describe the pleading deficiencies of the Complaint which require dismissal of the claims; however, before doing so, the Jupiter Defendants also move to dismiss the Complaint for failure to join indispensable parties under Rule 12(b)(7).

**Plaintiff failed to join indispensable parties**

To the extent that the Court determines that Plaintiff states a valid claim, Rule 19 requires joinder of Financial Business Systems, Inc. ("FBS") and RAPB. Rule 19 states in relevant part:

(a) Persons Required to Be Joined if Feasible.

 (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

 (A) in that person's absence, the court cannot accord complete relief among existing parties; or

 (B) That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

 (i) as a practical matter impair or impede the person's ability to protect the interest; or
 (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3

FBS is a "Party" as that term is defined in the MLS Software License and Data Processing Service Agreement (hereinafter "Flex Agreement"). *See* Complaint ¶¶ 47 & 51. The other parties are RAPB and Jupiter. RAPB is the parent of Beaches. Beaches refers to the Flex Agreement in its Complaint (and attaches an assignment of that Agreement), but for reasons that will become clear upon a review of its terms, fails to attach a copy to that Complaint. The Flex Agreement is attached to the MIAMI Motion to Dismiss under seal. Paragraph 9 of the Flex Agreement governs the use and access to "Customer Information" – the very same information which is the subject of Plaintiff's Complaint:

> 9. Customer Information....
>
> All data (exclusive of the format and structure of the data) entered into the System ("Customer Information") shall be owned by and remain the property of the Customer [RAPB and Jupiter] and shall be maintained by FBS in confidence. FBS will not disclose any Customer Information to, or permit access to any Customer Information by, any person other than: (i) employees of Customer; (ii) employees of FBS who require access to such information in order for FBS to perform under this Agreement; **(iii) designated persons to whom disclosure has been authorized in writing by Customer;** (iv) such third parties as to whom FBS has been authorized or directed to disclose such information by order of a court or governmental agency of competent jurisdiction.

Beaches claims that Jupiter will no longer have access to the Customer Information as defined in the Flex Agreement because it is merging with Miami. If Beaches were to prevail on such a claim, the Flex Agreement with FBS would no longer be valid and yet FBS and RAPB are not parties to these proceedings.

4

The bolded section at (iii) of paragraph 9 explains why – Jupiter was expressly permitted to give Miami access to the Customer Information.

RAPB and Jupiter are also the only remaining parties to the Mediation Settlement Agreement ("MSA") referenced in Plaintiff Beaches' Complaint. A copy of the MSA is attached to the MIAMI motion to dismiss as Exhibit "B".[2] The MSA expressly *excludes* the Flex Agreement as one of the assets being conveyed to RAPB. See Ex. B at ¶7. RAPB and Jupiter both agreed to "continue to share listing data through the balance of the Flex Agreement termination date. Id. at ¶ 12. The MSA will be substantially impacted by the Court's ruling if Plaintiff prevails on any of its claims and, as such, the parties to the MSA, including RAPB, must be parties to this action. Likewise, any injunctive relief whether granted for the benefit of Plaintiff, RAPB, Jupiter or Miami (on its to-be-filed counterclaims) would require all parties to be impacted by the injunction, including Flex and RAPB.

Beaches is seeking a ruling that the MSA will effectively terminate upon the merger of Miami and Jupiter, yet Plaintiff does not include all of the parties to the MSA. By the same token, Plaintiff is seeking to end the relationship between FBS and Jupiter with regard to the Flex Agreement referenced in the MSA, yet Plaintiff does not include all of the parties to the Flex Agreement.

---

[2] The MSA contains a confidentiality clause; however, the parties agreed at the previous hearing before the Court that they would not require the document to be sealed.

Under these circumstances, both prongs (a)(1)(A) and (a)(1)(B) of Rule 12(b)(19) require dismissal of Plaintiff's Complaint in the absence of FBS and RAPB as parties.

## COUNT I – CFAA CLAIM AGAINST JUPITER and JUPITER EMPLOYEES WERSTLEIN, CALABRIA, LYNCH

Beaches claims that Jupiter and its employees violated the Computer Fraud and Abuse Act ("CFAA"), specifically 18 U.S.C. 1030(a)(2)(C), 1030(a)(4) and 1030 (a)(6)(A), but fails to allege a legal basis for its claims. As described at the hearing on Plaintiff's Motion for Preliminary Injunction, this statute was drafted: "to target hackers who access computers to steal information or disrupt or destroy computer functionality." *See Trademotion LLC, v. Marketcliq, Inc.* 857 F.Supp 2d 1285, 1290 (M.D. Fla. 2012).

CFAA is first and foremost a criminal statute which *also* provides a private cause of action for "any person who *suffers damage or loss* by reason of a violation of this section..." 18 U.S.C. §1030(g). Even assuming that Plaintiff adequately pled the required element of damages or loss under subpart (g) – which it did not – Plaintiff is not entitled to seek injunctive or equitable relief under the CFAA – which it did as the sole basis for the Temporary Restraining Order [DK

6

#7]. The statute limits Plaintiff to "economic damages" for the type of conduct alleged:

> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). **Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages....**" *Id.* (emphasis added).

Subclauses 4 (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i) are as follows:

> (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
>
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> (III) physical injury to any person;
>
> (IV) a threat to public health or safety;
>
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security....

The remedy for subclause (I) is limited to "economic damages" because that subclause specifically addresses "loss ... aggregating at least $5,000." Subclauses (II), (III), (IV) and (V) all address injuries necessitating injunctive relief, i.e.,

7

medical examinations, physical injury, threat to public health or safety and damage to a government computer impacting justice, national defense or national security. However, Beaches is only claiming damages under subclause 4(I) and even that claim is deficient as explained below. Therefore, any claims for injunctive relief under the CFAA must be dismissed.

Under the statute, the term "damage" means any impairment to the integrity or availability of data, a program, a system, or information. 18 U.S.C. §1030(e)(8). Beaches has pled none.[3] Under the statute, the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption in service. 18 U.S.C. §1030(e)(11). Again, Beaches has pled no interruption in service as a result of any action on the part of either Miami or Jupiter.

Beaches has made no attempt to plead the requisite damage or loss required by the statute. The Complaint states that "Plaintiff has suffered damage and loss as a result of Defendants' willful actions…" , Compl. at 113, but fails to plead

---

[3] Although Plaintiff has made allegations that Miami could obtain information from the Beaches MLS, this Court has found that "based upon the plain language of the statute [] the data must be impaired and not merely copied" to meet the threshold definition of "damage" under the statute. *Continental Group, Inc. v. KW Property Management LLC*, 622 F. Supp. 2d 1357, 1370 (S.D. FL 2009).

8

what damage or loss, if any, they *actually* suffered. Accordingly, Beaches fails to state a claim under the CFAA for which relief may be granted and Count II must be dismissed. *See Maintenax Mgmt., Inc. v. Lenkowski*, Case no. 8:14-cv-2440-T-30MAP, ___ FS ___ (M.D. Fla. 2015)(rejecting CFAA claim where damages consisted of the copying of files onto a removable storage device); *see also, e.g., Garay v. Tabah*, Case no. SACV 14-01505 JVS (RNBx), ___ FS ___ (C.D. Cal. 2015)(Rule 11 sanctions for failure to plead legal or factual basis for damages under CFAA); *BHRAC, LLC v. Regency Car Rentals, LLC*, Case no. CV 15-865-GHK (MANx), ___ FS ___ (C.D. Cal. 2015)(dismissing CFAA claim for failure to plead damages and rejecting future loss of business as not covered by statute).

The statute further limits civil causes of action to those arising from conduct involving "1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* Only (I) is applicable here: "loss to 1 or more persons during any 1-year period ... aggregating at least $5,000 in value." This is a clear jurisdictional limit for civil actions under the CFAA. *Continental Group, Inc. v. KW Property Management LLC*, 622 F. Supp. 2d 1357, 1370 (S.D. FL 2009). **Moreover, the $5,000 loss "must be as a result of 'interruption of service.'"** *Id.* at 1371 (emphasis added). Beaches has not made a showing that it suffered

9

any damage or loss whatsoever, let alone a loss with an aggregate value of $5,000 **resulting from interruption of service.**[4]

Although the CFAA claim fails as a preliminary matter, it is helpful to address the statute sections under which Beaches claims it was harmed separately. Beaches first claims that it was harmed under 18 U.S.C. 1030(a)(2)(C). Compl. at 108. Although Beaches tries to mirror the language in the statute, the bottom line is that Beaches claims that Jupiter did not have the authority to grant Miami access to the Flex MLS system. Beaches cites no authority for this limitation on Jupiter, but even assuming it has some basis in fact, it has nothing to do with a CFAA claim.

The claim under this section fails because Beaches fails to plead a crucial part of the required elements of section 1030(a)(2)(C). Beaches only alleges that Miami "*could* obtain information in the Beaches MLS," not that it *did* obtain such information. Compl. at 110. This is entirely speculative but, more importantly, it is insufficiently pled.

Beaches next claims that Jupiter "knowingly and <u>with intent to defraud</u>, allowed access to said protected computers without authorization, and by means of

---

[4] Plaintiff alleges that "the value of [Miami's unauthorized ] access exceeds $5,000 in any 1-year period, but that allegation in no way resembles the threshold damages required by the statute.

such conduct furthered the intended fraud by using the unauthorized administrative level user accounts and passwords to access said protected computers, and the value of said access exceeds $5,000 in any 1-year period." (emphasis added) Compl. at 111. At first impression, it is unclear what exactly, Plaintiff is claiming as the "fraud." Although Jupiter denies that there was any fraud whatsoever, Beaches again fails to plead damages for conduct that has actually occurred and instead alleges the value of access that will occur over a "1-year period." Plaintiff fails to state a claim for violation of this section and the CFAA claim must be dismissed.

Finally, Beaches claims that Jupiter knowingly allowed access to MIAMI and with intent to defraud and access the computer without authorization and "trafficked in administrative level user accounts." Compl. at ¶ 112. As set forth above, Beaches has alleged that the user accounts themselves are the fraud and that the "trafficking" occurred when Jupiter, an authorized user, provided access to the Miami Defendants. Once again, mimicking the statute does not sufficiently state a claim without stating facts to support such conclusions, particularly where the Complaint is internally inconsistent with such claims. None of Beaches Counts allege facts sufficient to state a claim for relief under the CFAA.

11

## **COUNT III – COPYRIGHT INFRINGEMENT**

Although Beaches alleged copyright claim will not withstand factual scrutiny, at this pleading stage Beaches must at a minimum describe the actual infringement. Instead, Plaintiff alleges:

> 121. In the process of accessing the Beaches MLS database without authorization, the defendants have copied, displayed, and/or distributed the copyrighted Beaches MLS database or created derivative works thereof without Plaintiff's permission.

Beaches alleges access, but nothing beyond that single factual allegation other than the possibility of an assortment of subsequent possible actions.

Beaches also fails to adequately allege the conduct complained of and how that conduct damaged Beaches. Nor is the access Beaches alleges sufficient to state a claim for copying as Defendants did not use Beaches alleged work. To prove actionable copying, the plaintiff must first establish, as a factual matter, that the alleged infringer "actually used the copyrighted material to create his own work." Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1340 (5th Cir. 1994). There is no suggestion that Miami used the accessed information to create its own work.

Beaches does allege the existence of a copyrighted work, but that is the extent of its factual allegations. There was no infringement and Beaches fails to allege any facts to support such a claim.

## COUNT IV – DIGITAL MILLENIUM COPYRIGHT ACT

Beaches does not reference the section of 17 U.S.C. 1201 it is suing under, but it quotes one of the terms of subsection (a)(1)(A): "No person shall circumvent a technological measure that effectively controls access to a work protected under this title." Circumvention is not the alleged unauthorized use of a password, rather it is defined as:

> (3) As used in this subsection—
> (A) to "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner....

Beaches own pleading defeats this claim. Beaches alleges that Miami Defendants accessed the system by obtaining a password from Jupiter, an authorized user. By its own allegations, the Miami Defendants did not commit any act of avoidance or bypass of the "technological measure" taken by Beaches; rather, they are alleged to have accessed the computer system in the very manner it is intended to be accessed. See *I.M.S. Inquiry Mgmt. Systems, Ltd. v. Berkshire Information Systems, Inc.*, 307 F.Supp.2d 521, 532 (S.D.N.Y. 2004)(access through a

13

password "do[es] not evince circumvention as that term is used in the DMCA. Circumvention requires either descrambling, decrypting, avoiding, bypassing, removing, deactivating or impairing a technological measure *qua* technological measure."). The Miami Defendants are not hackers, nor are they dealing in spying equipment; they are simply trying to merge with Jupiter, perform due diligence and prepare for post-merger activities. There is no legal basis to assert this claim.

## COUNT V – FLORIDA UNIFORM TRADE SECRETS ACT

Beaches again creates a conflict within its own Complaint by alleging that Jupiter, an undisputed authorized user of the listings, provided access to the Miami Defendants. Plaintiff alleges that Jupiter did not have authority to grant such access to the Miami Defendants and that the Miami Defendants knew as much. Yet, the pleading states that the Miami Defendants received permission to access the system by an authorized user. Plaintiff attempts to dress up this trade secrets claim by alleging:

> 137. Defendants used the confidential information obtained by improper means at a time when they knew or had reason to know that Jupiter had utilized improper means to acquire it, acquired it under circumstances giving rise to a duty to maintain its secrecy or limit its use, obtained from individuals who owed a duty to Plaintiff to maintain their secrecy or limit their use, or derived through espionage.

Once again, Beaches does not allege a single fact in support of its claim and instead quotes directly from the statute:

> "(a.) [d]erived from or through a person who had utilized improper means to acquire it; (b.) [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (c.) [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use."

Section 688.002(2), Florida Statutes. Beaches again fails to sufficiently plead a claim for which relief may be granted requiring dismissal of this Count.

## COUNT VI – BREACH OF MLS RULES

None of the Jupiter Defendants are alleged to have a direct contractual relationship with Beaches. Accordingly, there can be no legally cognizable cause of action for "breach of the Beaches MLS Rules" since Jupiter has its own MLS Rules. Beaches may sue in contract, in which case it must allege the essential elements of a contract. Instead, Beaches claims that all Jupiter Defendants, including the individual Jupiter defendants, are somehow subject to the Beaches "MLS Rules" which is not the case. Accordingly, this Count should be dismissed.

## **CONCLUSION**

Beaches does not allege any legally valid claims against the Jupiter or Jupiter Employee Defendants. Beaches' claims against all Jupiter Defendants should be dismissed. Additionally, the Court should require the presence of all parties necessary for a complete adjudication of this case.

Respectfully submitted,

LAW OFFICE OF GARY J. NAGLE
14255 U. S. Hwy 1, Suite 203
Juno Beach, FL 33408
561) 626-0270 Phone
(561) 626-1244 Fax
Gary@naglelawfl.com
***Attorneys for Defendants***

BY: _____
GARY J. NAGLE
FL BAR NO. 239410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 15, 2015, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF thereby serving all parties and counsel of record on the attached Service List by electronic notification generated by CM/ECF.

_____
GARY J. NAGLE

## SERVICE LIST

*Attorneys for Plaintiffs:*

Joel B. Rothman,
Jerold I. Schneider
Diana F. Mederos
SCHNEIDER, ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 North Federal Highway
Boca Raton, Florida 33431
Tel: 561-404-4350
Fax: 561-404-4353
E-mail: Joel.Rothman@sriplaw.com
E-mail: Jerold.Schneider@sriplaw.com
E-mail: Diana.Mederos@sriplaw.com

*Attorney for Defendants:*

Steven W. Davis
Boies, Schiller & Flexner LLP
100 Southeast Second Street, Ste 2800
Miami, FL 33131
Tel: 305-539-8400
E-mail: sdavis@bsfllp.com